UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**Rodney Allen Schliemann**                                         Civil No. 06-1103 (JNE/SRN)

    **Petitioner,**

   v.                                                                     **REPORT AND**
                       **RECOMMENDATION**

**Joan Fabian,**
**and**
**State of Minnesota,**

    **Respondents.**

---

Rodney Allen Schliemann, *pro se*.

John Kallestad, Esq., Kandiyohi County Attorney, on behalf of Respondents.

---

  **THIS MATTER** is before the undersigned United States Magistrate Judge on Respondents' Motion to Dismiss (Doc. No. 5), Petitioner's Motion to Review Tape (Doc. No. 2) and Petitioner's Motion for an Evidentiary Hearing (Doc. No. 11). The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1(c). For the reasons set forth below, the Court recommends that Respondents' Motion to Dismiss be granted in part and denied without prejudice in part, Petitioner's Motion to Review Tape be denied, and Petitioner's Motion for an Evidentiary Hearing be denied.

**I.     PROCEDURAL BACKGROUND**

On February 18, 2004, following a jury trial in state court, Petitioner was found guilty and convicted of committing a first degree controlled substance crime in violation of Minn. Stat. § 152.021 subd. 1(1). (Pet'r.'s Pet. at 1.) He received a sentence of 93 months in prison. (Id.) In his direct appeal to the Minnesota Court of Appeals, Petitioner raised six issues, two in the brief submitted by his appellate counsel and four in his pro se appellate brief. The Minnesota Court of Appeals affirmed the decision of the trial court, and Petitioner filed a petition for review to the Minnesota Supreme Court on October 6, 2005. The petition for review consisted both of a petition submitted by counsel and a pro se supplemental petition for review. On December 13, 2005, the Minnesota Supreme Court denied Petitioner's petition for review, thus concluding his direct appeal. State v. Schliemann, No. A04-1479, 2005 Minn. LEXIS 791, at *1 (Minn. December 13, 2005).

On March 20, 2006, Petitioner filed a Petition for Writ of Habeas Corpus. In that Petition, he alleges the following:

1. The trial court erred in convicting him of a first degree controlled substance crime because the record does not contain sufficient credible evidence to establish his guilt beyond a reasonable doubt;

2. The trial court erred in permitting the inference that the quantity of methamphetamine sold by Petitioner exceeded the ten grams required to sustain a conviction for a first degree controlled substance crime because the State used an improper sampling technique to establish such an inference;

3. The trial court erred in its findings of fact when it issued its Omnibus Order of March 14, 2003;

4. The trial court erred in failing to give jury instructions regarding: 1) Petitioner's right to remain silent and not take the witness stand; and 2) the only witness' status as an

    "addict/informer";

5.  The trial erred when it admitted into evidence the audiotape recording of the transmission of the body wire worn by the informant used in this case; and

6.  The trial court erred because, prior to making its pretrial probable cause ruling, the trial court denied Petitioner's demand for disclosures, pursuant to Minnesota Rule of Criminal Procedure 9.

(Id.)

In their motion to dismiss, Respondents assert that the Court should dismiss the Petition for Writ of Habeas Corpus in its entirety, arguing that all of Petitioner's habeas claims either fail to fairly present federal claims or are procedurally defaulted. (State's Mem. Opp. Pet. at 4.) Petitioner, in turn, has moved the Court to review the audiotape identified in his fifth habeas claim, and for the Court to conduct an evidentiary hearing on his audiotape-related claims. (Doc. Nos. 2, 11.)

## II. MOTION TO DISMISS

"[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2254(a). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991). As a result, before a writ may issue, the Petitioner must establish that the State's exercise of custody over his person is an affront to the Constitution, a federal law, or a federal treaty. Id.; See also, Robinson v. Leapley, 26 F.3d 826, 829 (8th Cir. 1994); Maynard v. Lockhart, 981 F.2d 981, 986 (8th Cir. 1992); Garcia v. Powers, 973 F.2d 684, 685 (8th Cir. 1992).

3

In 1996, Congress restricted the scope of a federal court's review of habeas petitions, where the underlying claims were adjudicated in state court. <u>See</u> Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). A federal court's authority to vitiate state court decisions, by the granting of a writ of habeas corpus, is now limited to the narrow class of claims which have been fully exhausted in the state courts, and which involve an adjudication that either:

> 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In order to reach the merits of a habeas petition, federal courts "must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court." <u>McCall v. Benson</u>, 114 F.3d 754, 757 (8th Cir. 1997); <u>See</u> <u>also</u> <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999). Relief must be sought not in any state court, but the highest available state court. <u>O'Sullivan</u>, 526 U.S. at 845; <u>See</u> <u>also</u> <u>Duncan v. Henry</u>, 513 U.S. 364, 365-66 (1995). In addition,

> "[i]n order to fairly present a federal claim to the state courts, the petitioner must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts."

<u>McCall</u>, 114 F.3d at 757. (internal citations omitted). Moreover, the petitioner's petition, or brief, to the highest available state court must satisfy the fair presentation requirement and the petitioner cannot rely on materials submitted to intermediate state courts to meet this burden. <u>Baldwin v. Reese</u>, 541

4

U.S. 27, 32 (2004); See also Voss v. Minnesota, Civil No. 05-697, 2006 U.S. Dist. LEXIS 44932, at *4 (D. Minn. June 29, 2006) ("Moreover, a prisoner has not made a fair presentation to a state court if the court is required to read outside the petition to discover the existence of such a federal claim."); See also Carney v. Fabian, 441 F.Supp. 2d 1014, 1024 (D. Minn. 2006).

When a court determines that a petition contains claims that have not been fairly presented, the court next must determine which claims are unexhausted and require dismissal of the petition and which claims are procedurally defaulted and, therefore, unavailable for consideration on the merits. "'Unexhausted' means both that the claim has not been fairly presented in 'one complete round of the State's established appellate review process,' but also that the petitioner 'has the right under the law of the State to raise, by any available procedure, the question presented,' 28 U.S.C. § 2254(c)." Velazquez v. Houston, No. 4:04cv3388, 2006 U.S. Dist. LEXIS 6899, at *7 n.1 (D. Neb. Feb. 2, 2006) *citing* O'Sullivan, 526 U.S. at 844-45. If the petition contains at least one claim that is unexhausted, the entire petition will be dismissed for non-exhaustion. Rose v. Lundy, 455 U.S. 509, 522 (1982). If the petition contains no such claims, courts will determine which claims are available for consideration on the merits.

In contrast, "[a] state prisoner procedurally defaults a claim when he violates a state procedural rule that independently and adequately bars direct review of the claim by the United States Supreme Court." Clemons v. Leubbers, 381 F.3d 744, 750 (8th Cir. 2004). In making this determination, Courts therefore "address whether [] state law would prevent [a petitioner] from raising these claims in a state court." McCall, 114 F.3d at 757. It is well established that federal courts will not address procedurally defaulted claims on the merits unless a petitioner can show either cause and prejudice to

5

excuse the default or actual innocence.  Clemons v. Leubbers, 381 F.3d at 750 (internal citations omitted);  See also Carney, 441 F.Supp. 2d at 1023 *citing* Coleman v. Thompson, 501 U.S. 722, 750 (1991).

As the Minnesota Supreme Court's denial of his petition for review ended Petitioner's direct appeals, post-conviction motions present his primary avenue to state court relief.  Minnesota courts apply the well-established "Knaffla rule" to determine their capacity to review claims in post-conviction motions.  McCall, 114 F.3d at 757; Carney, 441 F.Supp.2d at 1021.  The Knaffla rule states "where a direct appeal has been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief."  State v. Knaffla, 243 N.W.2d 737, 741 (Minn. 1976).  The Knaffla rule has two recognized exceptions: "where a claim is so novel that its legal basis was not reasonably available at the time of direct appeal, or where the defendant did not deliberately and inexcusably fail to raise the issue in the first appeal, and fairness requires review."  Dean v. Corbo, Civ. No. 04-2639, 2005 U.S. Dist. LEXIS 39915, at *10 (D. Minn. August 29, 2005) (internal citations omitted).  Courts deny those petitions which contain claims that cannot be addressed on the merits.  Carney, 441 F.Supp. 2d at 1029.

To determine whether Petitioner has fairly presented federal claims in his habeas petition and if not, whether those claims remain unexhausted or are procedurally defaulted, the Court will address each claim in turn.

### A.     Insufficient Credible Evidence

In his habeas petition, Petitioner argues that the record did not contain sufficient credible evidence to establish his guilt beyond a reasonable doubt.  The Court will construe his claim as an

argument that Petitioner has been denied his right to due process under the Fourteenth Amendment[1]. The Court, therefore, first turns its attention to whether Petitioner fairly presented this federal claim to the Minnesota Supreme Court. A fairly presented claim must "refer[] to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." McCall, 114 F.3d at 757.

In its discussion of this claim, the petition submitted to the Minnesota Supreme Court did not mention the federal Constitution or any federal case law. (Pet'r.'s Pet. Rev. at 7.) Therefore, Petitioner did not adequately inform that Court that he was presenting a constitutional challenge to the sufficiency of the evidence. Indeed, the manner in which the claim was phrased suggests that Petitioner was looking for clarification of what state law requires for a conviction under the state criminal code. See Hiivala v. Wood, 195 F.3d 1098, 1107-07 (9th Cir. 1999), (claim that evidence is insufficient to satisfy requirements of state criminal statute does not, without more, fairly present a constitutional claim.), cert. denied, 529 U.S. 1009 (2000).

The Court must therefore next inquire into whether this claim is unexhausted or procedurally defaulted. In doing so, the Court finds Petitioner's claim procedurally defaulted because state law "would prevent [Petitioner] from raising [this] claim[] in a state court." Id. As noted above, Minnesota

---

[1] A second possible interpretation of this claim is that Petitioner is merely arguing that the informant's testimony was not sufficiently credible to sustain his conviction. That argument does not present a question of federal law and will not serve as a cognizable basis for habeas relief. Estelle v. McGuire, 502 U.S. 62, 68 (1991); See also Haymon v. Higgins, 846 F.2d 1145, 1147 (8th Cir. 1988) ("It is not the function of the reviewing federal court to reweigh the evidence or determine questions of credibility.")

courts apply the Knaffla rule[2] to determine their ability to review claims in post conviction motions.  Id; Carney, 441 F.Supp.2d at 1021.  Here, the Knaffla rule would clearly bar a Minnesota state court from considering this claim, were it raised in a post-conviction motion, because the relevant section of Petitioner's brief to the Minnesota Court of Appeals cites both the Fourteenth Amendment to the United States Constitution and federal case law in support of this claim, thereby demonstrating that the federal nature of this claim was known at the time of his petition to the Minnesota Supreme Court. State v. Knaffla, 243 N.W.2d at 741; (Pet'r.'s Br. Minn. Ct. Appeals at 10, 13.)

The Court must consider otherwise procedurally defaulted claims on the merits if a petitioner can show either cause and prejudice to excuse the default or actual innocence.  Clemons v. Leubbers, 381 F.3d at 750.  (internal citations omitted)  Petitioner, however, has failed to make either showing. First, Petitioner has not alleged a cause for his procedural default and therefore cannot qualify under the cause and prejudice prong.  In addition, Petitioner has not professed his actual innocence, and therefore cannot qualify under the actual innocence prong.  Petitioner has failed to make this showing not only for this claim, but for all of the procedurally defaulted claims discussed below.

**B.     Sampling of the Seized Substance**

In his habeas petition, Petitioner argues that the trial court erred in permitting an inference that the State had produced enough evidence to demonstrate that Petitioner had sold the quantity of methamphetamine necessary to sustain a conviction for a first degree controlled substance crime.  At trial, the State's expert responsible for analyzing the substance seized from Petitioner testified to testing

---

[2] All of Petitioner's claims involve well-settled law and Petitioner has provided no explanation for his failure to bring these federal claims in his petition to the Minnesota Supreme Court.  Therefore, none of his claims qualify under either exception to the Knaffla rule.

only a random subset of the "numerous chunks" that comprised the substance at issue. Id. Petitioner maintains that because the seized substance at issue was comprised of non-contiguous pieces, the State's expert should have been required to test at least ten grams of the substance in order for the jury to infer that the State had met its burden on the quantity element.

The Court finds no constitutional dimension in Petitioner's presentation of his current habeas corpus claim and, therefore, it will not serve as a basis for habeas relief. Estelle v. McGuire, 502 U.S. 62, 68 (1991).

### C.    The Omnibus Order of March 14, 2003

In his habeas petition, Petitioner argues that, in its Omnibus Order of March 14, 2003, the trial court improperly denied his motion to dismiss. First, Petitioner claims that the trial court relied on an erroneous finding that the police officers monitoring Petitioner's residence during the controlled buy conducted on the premises could view the participating informant after she drove into Petitioner's driveway. Second, Petitioner contends that the trial court improperly found that the informant had arranged to purchase drugs from Petitioner during the course of a telephone call on the morning of April 16, 2002, as the phone call contained no names, and failed to mention drugs or money. (Id.) Third, he contends that the trial court erred in relying on hearsay evidence that the informant had purchased methamphetamine from Petitioner in the past. (Id.) Finally, he argues that the trial court erroneously found that the informant had previously cooperated with law enforcement, when she had no such prior experience. (Id.)

Petitioner has failed to identify the federal nature of this claim. Accordingly, this claim does not provide a cognizable basis for habeas relief. Estelle v. McGuire, 502 U.S. at 68.

9

### D. The Challenged Jury Instructions

In his habeas petition, Petitioner argues that the trial court erred in not giving jury instructions regarding: 1) his right to remain silent and not take the witness stand; and 2) the only witness' status as an "addict-informer." (Pet'r.'s Pet.) Petitioner explicitly argues that the failure to give the former "no adverse inference" instruction violated his Fifth Amendment rights. The Court construes his habeas petition as arguing that the failure to give a "witness as addict-informer" instruction violated his rights under the Fourteenth Amendment.

The Court first examines whether Petitioner fairly presented these claims to the Minnesota Supreme Court. In his pro se supplemental petition for review to the Minnesota Supreme Court, he argued, "[t]he State violated Appellant's 5th Amendment Rights by not giving Jury Instructions regarding his right to remain silent and not take the witness stand."[3] (Pet'r.'s Pro Se Pet. Minn. Sup. Ct. at 2.) As Petitioner explicitly cited the constitutional provision on which he relied, the Court finds that Petitioner fairly presented this Fifth Amendment claim to the Minnesota Supreme Court[4].

However, Petitioner's pro se supplemental petition for review to the Minnesota Supreme Court omitted any mention of his claim that the trial court failed to provide a "witness as addict-informer" jury

---

[3] The State argues that Petitioner did not raise his fourth through sixth habeas claims for consideration on the merits before the Minnesota Supreme Court. While the arguments contained in Petitioner's pro se supplemental petition could at best be described as confusing, the Court construes his pro se supplemental petition for review as nonetheless raising these issues for consideration on the merits.

[4] The Court nonetheless notes that federal law only requires that courts give this "no adverse inference" instruction at the request of a criminal defendant. Carter v. Kentucky, 450 U.S. 288, 300 (1981); Id. at 307 (Stevens, J. concurring). As Petitioner has not challenged the finding of the Minnesota Court of Appeals that he failed to request the instruction at issue, he faces a significant challenge to prevailing on this point in his claim for habeas relief.

instruction. Therefore, the jury instruction claim as it applies to the witness' status as an "addict-informer" clearly fails the requirement for a fair presentation of a federal claim. Baldwin v. Reese, 541 U.S. 27, 32 (2004).

The Court must then decide whether Petitioner's "witness as an addict-informer" jury instruction claim is unexhausted or procedurally defaulted. The Court concludes that it is procedurally defaulted because state law "would prevent [Petitioner] from raising [this] claim[] in a state court." Id. Petitioner's pro se brief to the Minnesota Court of Appeals contained a lengthy discussion of this issue, including a cite to United States v. Hoppe, 645 F.2d 630 (8th Cir. 1981) cert. denied 454 U.S. 849 (1981), a federal case. (Petr.'s Pro Se Supplemental Br. Minn. Ct. Appeals at 8-9.) Therefore, the Knaffla rule would bar a Minnesota court's consideration of this claim in a post-conviction motion because Petitioner's "witness as an addict-informer" jury instruction claim was known at the time he filed his pro se petition for review to the Minnesota Supreme Court. State v. Knaffla, 243 N.W.2d at 741.

### E. The Audiotape

In his habeas petition, Petitioner contends that the trial court erred in admitting into evidence the audiotape recording of the transmission of the body transmitter worn by the informant who participated in the controlled buy at Petitioner's residence. In essence, Petitioner argues that: 1) the audiotape recording was inaudible; 2) under Minnesota law, he should have been provided with transcripts of the Minnesota trial court's in camera review of the tape; 3) the tape was never authenticated; 4) an expert should have been called to authenticate the tape; 5) the transcription of the tape itself was improper because it did not reflect stops and starts in the tape; and 6) in Petitioner's opinion the tape was

11

manipulated in that it was cut and spliced back together. Petitioner does not argue that the admission of the tape violated his constitutional rights.

These claims on their face pertain to questions of state evidentiary law. "Federal habeas corpus relief does not lie for errors of state law' . . . [and] it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. at 67-68. "Questions concerning the admissibility of evidence are matters of state law and are not reviewable in a federal habeas corpus proceeding unless the asserted error infringed a specific constitutional protection or was so prejudicial as to deny due process." Wallace v. Lockhart, 701 F.2d 719, 724 (8th Cir. 1983). Petitioner has not alleged that the admission of the tape infringed a specific constitutional right or was so prejudicial as to deny him due process.

Petitioner has failed to identify the federal nature of this claim and so it does not provide a cognizable basis for habeas relief.

### F.     Petitioner's Demands for Disclosures

In his habeas petition, Petitioner maintains that the trial court erred in denying Petitioner's demand for disclosures, pursuant to Rule 9 of the Minnesota Rules of Criminal Procedure, prior to making its probable cause determination. This claim on its face addresses the state court's application of state procedural rules and, therefore, cannot form the basis for habeas relief. Estelle v. McGuire, 502 U.S. 62, 68 (1991).

### G.     Conclusion

The Court recommends that Respondents' Motion to Dismiss be granted with respect to Petitioner's first, second, third, fifth and sixth habeas claims, as well as Petitioner's fourth habeas claim

to extent that it pertains to the trial court's alleged failure to provide a "witness as addict-informer" jury instruction. The Court recommends that these claims be dismissed with prejudice because they are either procedurally defaulted or fail to state a cognizable basis for habeas relief. However, the Court recommends that Respondents' Motion to Dismiss be denied without prejudice with respect to Petitioner's fourth habeas claim insofar as Petitioner has fairly presented his claim alleging that the trial court's failure to provide a "no adverse inference" jury instruction constituted a violation of his Fifth Amendment Rights. In the event the District Court adopts this Report and Recommendation, this Court recommends that Respondents be ordered to address this issue on the merits within thirty days.

### III. MOTION TO REVIEW AUDIOTAPE

Petitioner has moved the Court to listen to the audiotape at issue in his fifth habeas claim and determine whether the taped conversation accurately corresponds with the transcribed copy that was made after his trial. (Pet. Mot. Review Tape. at 1.) In addition, Petitioner has moved the Court to give de novo review to the question of what evidentiary weight the audiotape should have been accorded at Petitioner's trial. (Id. at 1-2.) However, as discussed above, all of Petitioner's claims regarding the admissibility of the tape fail to identify a federal or constitutional basis and hence fail to provide a cognizable basis for habeas relief. Therefore, the Court recommends that Petitioner's motion be denied.

### IV. MOTION FOR AN EVIDENTIARY HEARING

Petitioner has moved the court for an evidentiary hearing on his claims regarding the audiotape identified in his fifth habeas claim. However, as discussed above, none of these claims identify a federal

13

or constitutional basis and, therefore, none of these claims provide a cognizable basis for habeas relief.

Accordingly, the Court recommends that Petitioner's request for a hearing be denied.

## V. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. Petitioner's Motion to Review Tape (Doc. No. 2) be **DENIED**;

2. Respondents' Motion to Dismiss (Doc. No. 5) be **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART** as more fully set forth in this Report and Recommendation;

3. In the event the District Court adopts this Report and Recommendation, Respondents be ordered to address the remaining habeas issue on the merits within thirty days of receiving that order;

4. Petitioner's Motion for an Evidentiary Hearing (Doc. No. 11) be **DENIED**.

Dated: January 24, 2007

      s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.1(c)(2) a party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 8, 2007**, a writing which specifically identifies those portions of this Report which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order of judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.