UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA


**Rodney Allan Schliemann,**                          **Civil No. 06-1103 (JNE/SRN)**

      **Petitioner,**

      **v.**                          **REPORT AND RECOMMENDATION**

**Joan Fabian,**

      **Respondent.**

---

      Rodney Allan Schliemann, pro se

      John Kallestad, Esq., Kandiyohi County Attorney's Office, P.O. Box 1126, Willmar, Minnesota 56201, on behalf of Respondent

---

SUSAN RICHARD NELSON, United States Magistrate Judge

      The above-captioned matter comes before the undersigned United States Magistrate Judge on Petitioner Rodney Allan Schliemann's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) and Motion for Extension of Time to Answer Respondent's Memorandum (Doc. No. 18). This matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons set forth below, the Court recommends that the remaining claim in the petition be denied and the motion for an extension be denied as moot.

## I.     BACKGROUND

      On February 18, 2004, a jury found Petitioner guilty of committing a first-degree controlled substance offense, in violation of Minn. Stat. § 152.021, subds. 1(1), 3(a). He was sentenced to

ninety-three months in prison.  Petitioner appealed to the Minnesota Court of Appeals, which affirmed

his conviction.  The Minnesota Supreme Court denied Petitioner's request for review, thus concluding

his direct appeal.

On March 30, 2006, Petitioner filed a § 2254 petition for writ of habeas corpus in federal

court, alleging six grounds for relief: (1) the evidence at trial was not sufficient to support his conviction;

(2) the trial court erroneously permitted the jury to infer that the amount of drugs sold exceeded ten

grams; (3) the findings of fact in the trial court's omnibus order were incorrect; (4) the trial court erred

by failing to instruct the jury that no adverse inference should be drawn from Petitioner's decision not to

testify, and that a witness adverse to Petitioner was an addict and informant; (5) the trial court wrongly

admitted an audio-recording into evidence at trial; and (6) the trial court erred in denying Petitioner's

pretrial demand for certain disclosures.  Respondent filed a motion to dismiss the petition on April 20,

2006.

On February 13, 2007, the District Court adopted the Report and Recommendation of this

Court and dismissed Petitioner's first, second, third, fifth, and sixth habeas claims, as well as the aspect

of Petitioner's fourth habeas claim pertaining to the addict/informant jury instruction.  As recommended,

the District Court instructed Respondent to file a memorandum addressing the merits of Petitioner's

remaining claim — that the trial court's failure to give a no-adverse-inference jury instruction was a

violation of his Fifth Amendment rights.  Respondent filed its memorandum addressing this issue on

March 9, 2007.  Petitioner subsequently filed a motion seeking an extension of time to file a

memorandum in opposition, and he filed this memorandum on July 9, 2007.

## II.   DISCUSSION

Habeas corpus is a federal remedy for a state prisoner's challenge to the legality of his or her detention.  28 U.S.C. § 2254(a); Preiser v. Rodriguez, 411 U.S. 475, 485-86 (1973).  Federal courts may entertain a habeas corpus petition only on the grounds that the prisoner's incarceration violates the United States Constitution or other federal law.  28 U.S.C. § 2254(a); Wycoff v. Nix, 869 F.2d 1111, 1113 (8th Cir. 1989).

The sole claim remaining in this case is that the trial court erred by failing to instruct the jury that no adverse inference should be drawn from Petitioner's decision not to testify on his own behalf.  At a defendant's request, a trial court must instruct the jury that it may not consider the defendant's silence as evidence of his guilt.  Carter v. Kentucky, 450 U.S. 288, 300 (1981). Petitioner concedes that he did not request such an instruction from the trial court.  A court should not comment on a defendant's failure to testify unless the defendant requests such an instruction.  See Griffin v. California, 380 U.S. 609, 614-15 (1965); United States v. Gomez-Olivas, 897 F.2d 500, 502 (10th Cir. 1990).  The Court therefore concludes that the trial court acted properly in not instructing the jury about Petitioner's decision not to testify.

Petitioner argues for the first time in his opposition memorandum that his attorney failed to consult with him about the propriety of a no-adverse-inference instruction, and that he therefore received ineffective assistance of counsel.  Petitioner cannot raise an ineffective assistance of counsel claim at this late hour.  The § 2254 petition did not include this claim, see 28 U.S.C. § 2254 Rule 2(c) (requiring a habeas petition to "specify all the grounds for relief available to the petitioner"), and Petitioner has not sought to amend the petition.  Furthermore, Petitioner did not raise this claim on

direct appeal, and it is now procedurally defaulted.  See Sweet v. Delo, 125 F.3d 1144, 1149-50 (8th

Cir. 1997).  Petitioner has not shown cause for the default, prejudice resulting from the alleged

violation, or the likelihood that a fundamental miscarriage of justice would occur absent consideration of

the claim.  See Coleman v. Thompson, 501 U.S. 722, 750 (1991).  Thus, to the extent Petitioner

intended to raise an ineffective assistance of counsel claim, the Court may not consider it.

In conclusion, the trial court did not err by not instructing the jury that no adverse inference

should be drawn from Petitioner's decision not to testify on his own behalf.  Petitioner's remaining

habeas claim should accordingly be dismissed.

Based upon the foregoing and all of the files, records, and proceedings herein, **IT IS**

**HEREBY RECOMMENDED that**:

1.      The Petition for a Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2254 (Doc.

No. 1) be **DENIED**; and

2.      Petitioner's Motion for Extension of Time to Answer Respondent's Memorandum

(Doc. No. 18) be **DENIED AS MOOT**.

Dated:  August 29, 2007

 s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with
the Clerk of Court, and serving all parties by **September 14, 2007**, a writing which specifically
identifies those portions of this Report to which objections are made and the basis of

those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.